IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Job Taylor,<br><br>        PETITIONER<br><br>v.<br><br>United States of America,<br><br>        RESPONDENT | Crim. No. 4:03-cr-00934-TLW-1<br>C/A No. 4:16-cv-02278-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Job Taylor. For the reasons stated below, the Court dismisses the petition.

## I.  Factual and Procedural History

Petitioner pled guilty to charges of possession with intent to distribute 5 grams or more of cocaine base and felon in possession of a firearm and ammunition. He was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement to 262 months incarceration on each count. *See* Plea Ag. ¶ 7, ECF No. 43 at 4; Sent. Tr. 13:21–14:12. He filed a direct appeal, but the Fourth Circuit affirmed on October 30, 2006. *United States v. Taylor*, 204 F. App'x 293 (4th Cir. 2006). He did not file a petition for a writ of certiorari with the Supreme Court.

On June 18, 2016,[1] Petitioner filed this § 2255 petition, challenging his classification as

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988). There is nothing on the envelope or elsewhere to indicate when he placed his petition in the prison mailing system, but his certificate of service is dated June 18, 2016. ECF No. 71 at 16. The Court will construe the filing date in his favor, though it does not make any difference in the outcome of the case.

1

both a career offender and an armed career criminal. ECF No. 71. The Government filed a response in opposition and a motion for summary judgment, asserting that the petition should be denied as untimely. ECF Nos. 75, 76. He then filed a reply. ECF No. 79.

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV. Discussion

### A. Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 petition must be filed within one year of the latest of the following dates:

(1)     the date on which the judgment of conviction becomes final;

3

    (2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The Court will address the applicability of each of these subsections.

    1.      *§ 2255(f)(1)*

Petitioner's petition is untimely under § 2255(f)(1).  His one-year statute of limitations began to run on January 29, 2007, the date his time expired to file a petition for a writ of certiorari from the Supreme Court.[2]  Thus, under § 2255(f)(1), he had one year—until January 29, 2008—in which to file his § 2255 petition.  However, he did not file his § 2255 petition until June 18, 2016—more than eight years late.  Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(1).

    2.      *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case.  Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from filing his petition.  Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(2).

---

[2] Rule 13(1) of the Rules of the Supreme Court gives a defendant 90 days from the entry of judgment in the court of appeals to file a petition for a writ of certiorari.

3.   *§ 2255(f)(3)*

Petitioner asserts that the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) served to restart the statute of limitations for his petition, but he is incorrect. As the Government points out, *Johnson* only involved the constitutionality of the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1); it did not involve the use of drug offenses as predicate convictions, such as those that served to enhance Petitioner's sentence. Thus, *Johnson* does not serve to restart the statute of limitations in his case.

Petitioner also cites the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013) as a basis for relief, but that decision is also unavailing for two reasons. First, *Descamps* was decided on June 20, 2013, so even if it did restart the statute of limitations, the new deadline would have only extended to June 20, 2014, which is nearly two years prior to him filing his petition. Second, as with *Johnson*, *Descamps* did not involve the use of drug offenses as predicate offenses.

For these reasons, the Court finds that this petition is untimely pursuant to § 2255(f)(3).

4.   *§ 2255(f)(4)*

The Court does not find that any triggering date set forth in § 2255(f)(4) applies to this case. Petitioner does not allege, much less establish, that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(4).[3]

---

[3] The Court also notes that, to the extent he is challenging his guideline career offender designation, he is not entitled to relief on the merits because an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255. *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).

5

### B.     Equitable Tolling

Petitioner has not asserted that the doctrine of equitable tolling applies to this case, nor does the Court's review of the record indicate any basis to apply the doctrine to this case.

## V.     Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 76, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 71, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

September 29, 2016
Columbia, South Carolina