IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Job Taylor,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:03-cr-00934-TLW-1<br>C/A No. 4:16-cv-02278-TLW<br><br><br>**Order** |

      Before the Court is Petitioner Job Taylor's motion for reconsideration of the Court's order dismissing his § 2255 petition. A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

      Petitioner argues that the Supreme Court's decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson I*) apply to invalidate the use of his prior drug offenses as career offender and ACCA predicates. There is no merit to this contention, as none of these decisions serve to invalidate his predicate convictions. *See Mathis*, 136 S. Ct. at 2253 (applying the categorical approach to determine whether the defendant's prior conviction for burglary counted as a predicate violent felony); *Johnson II*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony."); *Descamps*, 133 S. Ct. at 2293 (explaining when to apply the categorical or modified

1

categorical approach when determining whether a prior conviction constitutes a "violent felony" under the ACCA); *Johnson I*, 559 U.S. at 135 (determining whether a prior conviction for battery counted as a predicate violent felony).

Furthermore, even if Petitioner were correct that his sentence on the felon in possession count was in excess of the statutory maximum, he would still not be entitled to relief. The concurrent sentence doctrine provides that "where a defendant is serving concurrent sentences and one conviction is shown to be valid, the court may decline to pass upon the validity of the other conviction." *United States v. Hill*, 859 F.2d 325, 326 (4th Cir. 1988). This doctrine "requires a showing that the defendant will suffer no harm by letting both the valid and unreviewed convictions stand." *Id.* It merely requires that the court be able to "foresee with reasonable certainty that no adverse collateral consequences will redound to the defendant." *United States v. Webster*, 639 F.2d 174, 182–83 (4th Cir. 1981).

The doctrine does not apply where the challenged conviction is invalid, as the defendant would still suffer the consequences that can arise from the conviction and would have to pay a special assessment for the invalid conviction. *See Ray v. United States*, 481 U.S. 736, 737 (1987) (per curiam) (refusing to apply the doctrine because the defendant would still have to pay an assessment for the invalid conviction); *Graham v. United States*, 944 F. Supp. 2d 451, 453 (E.D.N.C. 2013) (refusing to apply the doctrine based on possible future consequences of having the invalid conviction on his record). However, the doctrine does apply where, even if the defendant prevailed, the conviction itself would remain valid and only the sentence on that conviction would change. *See United States v. Olunloyo*, 10 F.3d 578, 581 (8th Cir. 1993) (applying the doctrine where "a ruling in [the defendant's] favor would not reduce the time he is required to serve nor does imposition of this sentence prejudice him in any way").

Here, Petitioner was sentenced to 262 months each on the felon in possession and drug counts, to run concurrently. He cannot prevail on any challenge to his sentence on the drug conviction. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2016) (holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness"); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (concluding that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255).[1] Thus, even if he prevailed on his ACCA argument, that would only apply to limit his potential sentence on the felon in possession conviction to 120 months based on the statutory maximum. As it would not invalidate his conviction on that count, he could still suffer the possible future consequences of the conviction and would still be required to pay the special assessment for that count. Additionally, he would still be serving a total sentence of 262 months based on the drug conviction and sentence, which he cannot successful challenge. Thus, the Court "can foresee with reasonable certainty that no adverse collateral consequences will redound to [him]," and the collateral source doctrine is therefore applicable. *Webster*, 639 F.2d at 182–83. Accordingly, he is not entitled to § 2255 relief.

For these reasons and the reasons set forth in the order dismissing Petitioner's § 2255 petition, the Court concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order. Therefore, his motion for reconsideration, ECF No. 83, is **DENIED**.

---

[1] In addition to *Beckles* and *Foote* barring any challenge to his career offender designation and sentence on the drug count, the Court notes that he was sentenced pursuant to a Rule 11(c)(1)(C) agreement, which takes his sentence outside of the guidelines. *See Freeman v. United States*, 564 U.S. 522, 536 (2011) (Sotomayor, J., concurring).

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

June 20, 2017
Columbia, South Carolina