IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Job Taylor,<br><br>  PETITIONER<br><br> v.<br><br>United States of America,<br><br>  RESPONDENT | Crim. No. 4:03-cr-00934-TLW-1<br>C/A No. 4:16-cv-02278-TLW<br><br><br>**Order** |

  Before the Court is Petitioner Job Taylor's second motion for reconsideration of the Court's order dismissing his § 2255 petition. A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

  In Petitioner's motion, he argues that (1) he was sentenced only as an armed career criminal, not a career offender; (2) the concurrent sentence doctrine does not apply because he continues to suffer collateral consequences from his ACCA designation; and (3) his petition was timely filed because *Mathis* applies retroactively. There is no merit to any of these arguments.

  As to Petitioner's argument that he was only sentenced as an armed career criminal, not as a career offender, he is simply incorrect. Paragraph 33 of the PSR provides as follows:

> **Chapter Four Enhancements:** As shown in Part B (Criminal History) below, the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Since the instant offense [the PWID conviction] involves a controlled substance offense and the defendant was 18 years or older at the time of its commission, the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1. The offense level determined under U.S.S.G. § 4B1.1 is 37 rather than the lower level calculated above.

1

Furthermore, he does not address the fact that he was sentenced pursuant to a Rule 11(c)(1)(C) agreement to 262 months, rather than the guidelines. *See* Plea Agreement ¶ 7, ECF No. 7. His argument that he was only sentenced as an armed career criminal, not a career offender, is simply meritless.

As to his argument regarding the collateral source doctrine, he believes that if his ACCA designation is invalidated, he would only have to pay a single special assessment of $100 because "from a strictly legal standpoint, Count 1 and 2 have to merge because the Counts were grouped, and the special penalty assessment can only be assessed once; to assessed Mr. Taylor twice was illegal." ECF No. 86 at 8. He is incorrect. Special assessments are dictated by statute, specifically 18 U.S.C. § 3013. Subsection (a)(2)(A) provides that "[t]he court shall assess on any person convicted of an offense against the United States . . . in the case of a felony . . . the amount of $100 if the defendant is an individual . . . ." The fact that the two offenses for which Petitioner was convicted—PWID 5 Grams or More of Cocaine and Felon in Possession of a Firearm and Ammunition—were grouped for purposes of determining the applicable guideline range has no impact on the special assessments, which are required by statute. His two convictions require separate special assessments under 18 U.S.C. § 3013(a)(2)(A), regardless of whether or not he was designated an armed career criminal as to the felon in possession count. Accordingly, there is no merit to this argument.

Finally, as to Petitioner's argument that his § 2255 petition was timely filed because *Mathis v. United States*, 136 S. Ct. 2243 (2016) applies retroactively, he is not entitled to relief because *Mathis* does not restart the statute of limitations. While he is correct that *Mathis* applies retroactively, *see Jones v. United States*, No. 4:02-cr-01017-TLW-1, 2017 WL 3620056, at *3 (D.S.C. Aug. 23, 2017) (explaining why *Mathis* applies retroactively), that is irrelevant for two

2

reasons.

First, the fact that *Mathis* applies retroactively on collateral attack does not mean that it restarts the statute of limitations under § 28 U.S.C. § 2255 (f)(3), as that only applies to rights that are newly recognized by the Supreme Court. *Mathis* does not set forth a newly recognized right. As this Court noted in *Jones*,

> *Mathis* is the latest entry in a long line of cases attempting to clarify the application of the categorical and modified categorical approaches to deciding when a prior conviction is properly counted as a predicate offense. As the Supreme Court explained, *Mathis* did not announce a new rule and instead reaffirmed the approach going back at least twenty-five years from *Taylor v. United States*, 495 U.S. 575 (1990), through *Shepard v. United States*, 544 U.S. 13 (2005), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and others.

*Jones*, 2017 WL 3620056, at *3. Accordingly, *Mathis* did not restart the statute of limitations under § 2255(f)(3).

Second, even if he did not have the statute of limitations problem, he would not be entitled to relief for the reasons set forth in the Court's order denying his initial motion to reconsider, specifically the concurrent sentence doctrine and the fact that he was sentenced pursuant to a Rule 11(c)(1)(C) agreement, rather than the guidelines.

For these reasons, as well as the reasons set forth in the order on the prior motion to reconsider and the order dismissing Petitioner's § 2255 petition, the Court concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior orders. Therefore, his motion for reconsideration, ECF No. 86, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

April 13, 2018
Columbia, South Carolina

3