IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:03-cr-00934-TLW-1 |
|---|---|
| v. | **Order** |
| Job Taylor | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced. As a result of this change in law, Defendant's Guidelines range has been reduced from 262–327 months to 188–235 months, as discussed in detail below.

Defendant pled guilty to charges of Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) (Count 1); and Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) (Count 2). In the plea agreement, the parties agreed to a 262-month sentence pursuant to Rule 11(c)(1)(C). ECF No. 43 ¶ 7. After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range on the drug count was 10 years to Life, followed by at least 8 years of supervised release; and on the gun count, his statutory sentencing range was 15 years to Life, followed by up to 5 years of supervised release. PSR ¶¶ 77, 81. His Guidelines range at sentencing—after taking into account his classification as a

1

career offender—was 262–327 months (34/VI), followed by 8 years of supervised release.  PSR ¶¶ 78, 84.  The Court imposed a 262-month sentence, followed by an 8-year term of supervised release.  ECF No. 53.

Specifically, as to the new law now in place, § 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(B)(iii).  Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(B)(iii) by increasing the threshold amounts of crack from 5 grams to 28 grams.

As noted above, as a result of the change in the law that reduced Defendant's statutory penalties, his post-First Step Act Guidelines range is now 188–235 months (31/VI).[1]  This range has been calculated by the U.S. Probation Office and provided to the Government and defense counsel.  Neither party contests that this is the applicable range in light of the First Step Act.

---

[1] The offense level applicable to a career offender is driven by the offense statutory maximum.  With a maximum sentence of Life, his career offender offense level was 37.  U.S.S.G. § 4B1.1(b)(1).  But with a post-First Step Act maximum sentence of 30 years, his career offender offense level becomes 34.  U.S.S.G. § 4B1.1(b)(2). Reducing his offense level by three levels for acceptance of responsibility results in the above Guidelines range.

A recent Supreme Court case, *Hughes v. United States*, provides that a stipulated sentence under Rule 11(c)(1)(C) was "'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement," and thus the stipulated sentence does not bar relief pursuant to Guidelines amendments and similar reductions. *See* 138 S. Ct. 1765, 1775 (2018). That is the case here. The plea agreement in this case specifically provides that the parties "agree to have his sentence determined pursuant to the United States Sentencing Guidelines." ECF No. 43 ¶ 7.

The Government does not dispute that Defendant is eligible for a sentence reduction. *See* ECF No. 98 at 4 ("In the ordinary course of events, the Government agrees that under the above facts alone, the First Step Act empowers the Court to reduce the sentence."). The Government recognizes that "if a defendant enters an 11(c)(1)(C) plea agreeing to a sentence based on a statutory penalty or a career-offender guideline range that was later changed by the Fair Sentencing Act, he should be allowed to apply for a reduced sentence that is consistent with the Fair Sentencing Act" under *Hughes*. *Id.* Here, however, the Government argues that it provided additional consideration for his plea, specifically its decision to dismiss the gun charge under 18 U.S.C. § 924(c) in Count 3, which would have carried a mandatory consecutive sentence of at least 5 years, and that the Court should therefore deny Defendant First Step Act relief. *Id.*

Here, the original sentence was based on the applicable Guidelines range, which was calculated at 262–327 months. Thus, under *Hughes*, it is clear that the

3

Rule 11(c)(1)(C) stipulated sentence does not bar relief. It is also clear that the Guidelines range that now applies in light of the First Step Act is 188–235 months. That is not in dispute. The Court will resentence Defendant within that reduced range, after considering the § 3553(a) factors. The Court will also consider the Government's position regarding its decision to dismiss the § 924(c) charge in deciding where to sentence Defendant within that range. Based on the Government's view that this should be taken into account, the Court will now sentence Defendant to the high end of that range.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the Government's position regarding its dismissal of the § 924(c) charge, the *Hughes* analysis, and the § 3553(a) factors. Certain factors warrant mention in this case: (1) Defendant was held accountable for 26.78 grams of crack cocaine (less than one ounce); (2) he has already served approximately 17 years in prison; (3) he is 66 years of age; (4) the new statutory range in light of the First Step Act; and (5) the undisputed Guidelines range that now apply in light of the First Step Act, *Hughes*, and the information set forth in the PSR. Pursuant to the First Step Act, Defendant's motion, ECF No. 96, is **GRANTED**. Defendant is now sentenced to a term of imprisonment of 230 months (19 years, 2 months) or time served, whichever is greater.[2] This sentence is near the top of the new Guidelines range. Upon his

---

[2] Pursuant to *United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018), should a sentence of time served constitute an upward variance, having carefully considered the record in this case and the § 3553(a) factors, the Court concludes that such a variance is

4

release from incarceration, he must serve a term of supervised release of 6 years.  An amended judgment will follow.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 3, 2020
Columbia, South Carolina

---

warranted.  *See, e.g.*, *United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3–4 (W.D. Va. Feb. 22, 2019) ("In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to 'bank time,' which could allow him to commit further crimes without the fear of imprisonment. . . . The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant had served more than the applicable guideline range.").

5